IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 08 B 17391 |
| | ) | |
| PANACEA PARTNERS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date:  August 20, 2013 |
| | ) | Hearing Time:  10:00 a.m. |
| | ) | Room No.:      744 |

## COVER SHEET FOR SECOND AND FINAL FEE APPLICATION AND REIMBURSEMENT OF EXPENSES OF ALAN D. LASKO & ASSOCIATES, P.C.

Name of Applicant:            Alan D. Lasko & Associates, P.C.

Authorized to Provide         Frances F. Gecker, Chapter 7 Trustee of the Estate of
Professional Services to:     PANACEA PARTNERS, LLC

Period for Which                   April 29, 2011 through October 3, 2011
Compensation is Sought:

Amount of Fees Sought:        $    2,000.00[1]

Amount of Expense             $      20.40
Reimbursement Sought:

This is a:                    Second and Final Fee Application


The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $ 6,612.10   .

---

[1] This is a reduced fee request due to the insolvency of the estate. Trustee's accountant's fees total $4,658.20 due to the extensive and complicated nature of Debtor's tax returns and inquiries from the IRS.
{PANACEA/001/00034425.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 08 B 17391 |
| | ) | |
| PANACEA PARTNERS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | Hearing Date: August 20, 2013 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 744 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **August 20, 2013**, at **10:00 a.m.**, we shall appear before the Honorable Eugene R. Wedoff, or such other judge as may be sitting in his stead, in Courtroom 744 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **Second and Final Application of Alan D. Lasko & Associates, P.C. as Accountant to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of PANACEA PARTNERS, LLC, for Compensation and Reimbursement of Expenses.**

Dated: July 19, 2013

                                              Respectfully submitted,

                                              FRANKGECKER LLP

                                              By:       /s/ *Zane L. Zielinski*
                                                          One of its attorneys

Zane L. Zielinski (IL ARDC #6278776)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)

{PANACEA/001/00034425.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Panacea Partners, LLC | ) No. 08 B 17391 |
| | ) |
| 26-0095917 | ) Chapter 7 |
| Debtor | ) |
| | ) Hon. Eugene R. Wedoff |

## SECOND AND FINAL APPLICATION
## OF ALAN D. LASKO & ASSOCIATES, P.C.
## FOR ALLOWANCE COMPENSATION AND EXPENSES

ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C., Certified Public Accountants, request second and final compensation of $4,658.20 and expenses of $20.40 for the time period from April 29, 2011 through October 3, 2011. A detail is provided herein for the Estate, which identifies by subject matter the services performed by the Applicant. Additional detail is provided to reflect the function and individual performing said services. Lastly, each individual's classification and hourly rate is also reflected. In addition, attached is the Affidavit pursuant to Bankruptcy Rule 2016.

## INTRODUCTION

This Court has jurisdiction over this Second and Final Fee Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**PANACEA PARTNERS, LLC**

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

## GENERAL

The Debtor filed a petition under Chapter 11 on or about July 28, 2008. On January 14, 2009, the proceedings converted to one under Chapter 7 and a Trustee was subsequently appointed. On August 3, 2010, Alan D. Lasko & Associates, P.C. was approved by the Court issued as the accountants for the Trustee. Reflected in this fee petition is the Applicant's time for the preparation of the Estate's final short year 2011 income tax returns and responses to Internal Revenue Service notices.

2

**PANACEA PARTNERS, LLC**

The following represents a description of the primary individuals in this engagement.

Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 25 years. He brings his 35 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF). Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society. Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics. Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

Denise C. Konomidis, CPA – Tax Supervisor

Ms. Konomidis has 10 years of experience performing tax preparation and tax planning in public accounting. She has worked for a large and small public accounting firm and tax planning firm over this period. She has worked with commercial and individual accounts of various sizes. She has an Undergraduate Degree in Accounting from the University of Illinois. She is a Certified Public Accountant and a member of the American Institute of Certified Public Accountants and the Illinois CPA Society.

3

**PANACEA PARTNERS, LLC**

Joseph Lasko – Staff

Mr. Lasko is a first-year intern staff person performing accounting and tax services. Mr. Lasko has a Bachelor's Degree in Marketing from the University of Iowa.

## STAFF – SUPERVISORS, SENIORS AND ASSISTANTS

### SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level. Supervisors have administrative and overview responsibility on a broader level than senior accountants. Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

### SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level. Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court. In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

### ASSISTANTS

Staff assistants usually execute basic assignments or tasks. In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

**PANACEA PARTNERS, LLC**

## FEE APPLICATION

The fees sought by this Second and Final Fee Application reflect an aggregate of 28.6 hours of ADLPC's time spent and recorded in performing services during the Second and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive. No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

5

**PANACEA PARTNERS, LLC**

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

## BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

    Cost          $113.00

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.2 | $ 270.00 | $ 54.00 |
| C. Wilson, Staff | 1.0 | 59.00 | 59.00 |
|  | 1.2 |  | $ 113.00 |

## YEAR-END TAX WORK

The Applicant incurred 9.1 hours in the preparation of the Estate's final short year workpapers and year-end tax returns for 2011.

The work also included the following:

- Record Trustee's Form 2.
- Estimated time to prepare Estate's final information returns.

    Cost          $1,257.00

6

**PANACEA PARTNERS, LLC**

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 3.1 | $ 270.00 | $ 837.00 |
| J. Lasko, Staff | 6.0 | 70.00 | 420.00 |
|  | 9.1 |  | $ 1,257.00 |

## **RESPOND TO TAX AUTHORITIES**

The Applicant incurred 18.3 hours in responding to various Internal Revenue Service and State tax notices received from the Trustee.

Cost        $3,288.20

A recap of compensation for this category is as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| A. Lasko | 0.4 | $ 270.00 | $ 108.00 |
| D. Konomidis, Tax Supervisor (Post 07/01/11) | 5.3 | 184.00 | 975.20 |
| D. Konomidis, Tax Supervisor (Pre 07/01/11) | 12.6 | 175.00 | 2,205.00 |
|  | 18.3 |  | $ 3,288.20 |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

7

**PANACEA PARTNERS, LLC**

| | | | |
|---|---|---|---|
| Owner | $250 | - | $275 |
| Manager/Director | 220 | - | 250 |
| Supervisors | 160 | - | 220 |
| Senior | 120 | - | 160 |
| Assistant | 65 | - | 120 |

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its second and final fee period are as follows:

| Recap by Project | First Interim Application | Second and Final Application | Total |
|---|---|---|---|
| Billing | $ 111.00 | $ 113.00 | $ 224.00 |
| Year-End Work | 5,566.00 | 1,257.00 | 6,823.00 |
| Respond to Tax Authorities | 906.50 | 3,288.20 | 4,194.70 |
| Net Request | $ 6,583.50 | $ 4,658.20 | $ 11,241.70 |

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 2.4 | $ 224.00 | $ 93.33 |
| Year-End Work | 41.1 | 6,823.00 | $ 166.01 |
| Respond to Tax Authorities | 22.8 | 4,194.70 | $ 183.98 |
| | 66.3 | $ 11,241.70 | $ 169.56 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the

8

**PANACEA PARTNERS, LLC**

amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

| Recap | First Interim Application | Second and Final Application | Total |
|---|---|---|---|
| Copy costs | $ 20.60 | $ 12.40 | $ 33.00 |
| Delivery | 8.00 | 8.00 | 16.00 |
| | $ 28.60 | $ 20.40 | $ 49.00 |

The Applicant received its First Interim Compensation for the period of August 3, 2010 through April 28, 2011 of compensation of $6,583.30 and expenses of $28.60.

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

9

**PANACEA PARTNERS, LLC**

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.

    (A)    the time spent on such services;

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and

    (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation in this Second and Final Fee Application were necessary for and beneficial to the Trustee's efforts in administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate. ADLPC further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee and the Debtor's Estate.

The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical to the rate it would charge throughout the country in any bankruptcy case of this size and prominence.

In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and were consistently performed in a timely manner commensurate with the complexity,

10

**PANACEA PARTNERS, LLC**

importance, and nature of the issues involved. As shown by this Second and Final Fee Application and supporting exhibits, ADLPC incurred professional time economically and without unnecessary duplication of effort. In addition, the work involved, and thus the time expended, was carefully assigned in view of the experience and expertise required for a particular task. Accordingly, approval of the Second and Final compensation sought herein for the Compensation Period is warranted.

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate. Therefore, the requested second and final compensation of $4,658.20 and expenses of $20.40 should be allowed for services by your Applicant for the period April 29, 2011 through October 3, 2011.

_____
Alan D. Lasko

Alan D. Lasko & Associates, P.C.
29 South LaSalle Street
Suite 1240
Chicago, Illinois 60603
(312) 332-1302

11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Panacea Partners, LLC | ) | No. 08 B 17391 |
| | ) | |
| 26-0095917 | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Eugene R. Wedoff |

### AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
              )    SS.
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1. I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Frances Gecker, Chapter 7 Trustee in this case ("Trustee").

2. I have read the Second and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3. Lasko has not previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

4. The Applicant received its First Interim Compensation for the period of August 3, 2010 through April 28, 2011 of compensation of $6,583.50 and expenses $28.60.

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this _____ day of February, 2012.

_____
Notary Public

> OFFICIAL SEAL
> CLAUDETTE WILSON
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:04/11/12

14